# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM OTIS JAMES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   2:17-cv-00965-LSC-HNJ |
| | ) | |
| JOHN SAMANIEGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 9).  The plaintiff names the following defendants in the amended complaint: Shelby County Sheriff John Samaniego, Captain Jay Fondren, Lieutenant Hood, Lieutenant John Doe, Sargent John Doe, Officer Black, Officer Goode, Officer Gentry, Officer Woods, and Mr. Frank E. Ellis.  (*Id.* at 2-3).[1]  The plaintiff seeks monetary and declaratory relief.  (*Id.* at 16).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the amended complaint to the

---

[1] The plaintiff's amended complaint names only Sheriff Samaniego, Capt. Fondren and Lt. Hood as defendants in their individual capacities.  (*Id.*).  However, the style refers to "Attachment-A" as identifying the named defendant(s) and additional pages refer to "Attachment B-1 & B-2" for the identity of "Defendant No. 4" and "Attachment C-2 & C-2" for an explanation of how each defendant acted under color of state law.  (*Id.* at 3-4).  None of the pages in the amended complaint bear the moniker Attachment A, B-1, B-2, C-1 or C-2.  In light of the possibility of missing pages, the undersigned assumes the plaintiff intended to name each individual mentioned in his "Statement of Claim" (Attachments D1 through D4) as a defendant in his individual capacity.

undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

For the foregoing reasons, the undersigned **RECOMMENDS** all claims against all defendants in this action, except the Fourteenth Amendment procedural due process claims against defendants Goode, Gentry, Woods, Hood, and Samaniego for the October 2016 disciplinary action taken against plaintiff and the Fourteenth Amendment procedural due process claims against Sgt. John Doe and Samaniego for the December 2016 disciplinary action taken against plaintiff, be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. The undersigned **FURTHER RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

## I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

2

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Procedural History

On August 17, 2017, the undersigned notified the plaintiff of deficiencies in his complaint and directed him to correct the deficiencies in the following manner:

> The plaintiff has failed to provide the <u>complete</u> names and addresses of all defendants and has failed to set forth his claims adequately. The plaintiff must amend his complaint by completing a new § 1983 complaint form. The new complaint must be labeled "**Amended Complaint**" and "**Case No.** 2:17-cv-00965-LSC-HNJ" must be written on the first page.

> In the amended complaint, the plaintiff must provide the complete names of all defendants or as much of the names as known, and any identifying information (such as gender, race, approximate age, job title or position), and a complete address for each defendant. The plaintiff should name as defendants only those persons who violated his constitutional rights. The plaintiff must identify those persons as defendants both in the heading and in Part I.B. of the complaint.

> Although the plaintiff has provided some allegations to support his claims, he has not stated clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. The plaintiff must clearly set forth the <u>facts</u> that support his claims against the defendants. The plaintiff is **ADVISED** that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

> The amended complaint must include all of the plaintiff's claims in this

4

> action; IT SHOULD NOT REFER BACK TO THE ORIGINAL
> COMPLAINT.  The plaintiff is **ADVISED** that the Court will consider
> <u>only</u> the claims set forth in the amended complaint.  After completing
> the new complaint form, the plaintiff should mail it to the Clerk of the
> Court.

(Doc. 7 at 1-2) (footnote regarding fictitious party practice omitted).

On August 17, 2017, the plaintiff filed an amended complaint.  (Doc. 9).

### III. Factual Allegations

Shelby County Jail held the plaintiff in custody as a pretrial detainee from June 2016 to February 2017.  (Doc. 9 at 11).  The plaintiff received three disciplinary infractions during the eight month period, the first occurring in July 2016.  (*Id.*).  On that occasion, Officer Black issued plaintiff an incident report for failing to secure a cell door and punished him with disciplinary segregation and restrictions to his phone, visitation, electronic communication, and commissary privileges.  (*Id.*).  The plaintiff filed an inmate grievance/DHO Appeal on the jail kiosk, complaining Black failed to afford him a "due process hearing."  (*Id.*).  Captain Jay Fondren denied the appeal via kiosk, "stating 'sanctions cannot be appealed.'"  (*Id.* at 7, 11).

In October 2016, Officers Goode, Gentry, and Woods issued plaintiff incident reports for theft of property and narcotics possession, and immediately punished him with disciplinary segregation and privilege restrictions.  (*Id.* at 11-12).  Again, plaintiff filed a "grievance/DHO Appeal."  (*Id.* at 12).  Lieutenant Hood reduced the sanctions but did not afford plaintiff a due process hearing.  (*Id.*).

In December 2016, plaintiff "received numerous incident reports and was placed [i]n administrative segregation pending investigation." (*Id.*). The same month "Sgt. John Doe" conducted a disciplinary hearing without affording plaintiff "24 hours advance notice as required by due process." (*Id.*). Sgt. Doe found plaintiff guilty and instituted "various sanctions including disciplinary segregation." (*Id.*). Plaintiff appealed and received a new disciplinary hearing. (*Id.*). "Lt. John Doe" found plaintiff guilty "and re-imposed sanctions with increased penalties." (*Id.*).

The plaintiff requested "copies of all documents related to (1) [his] inmate requests to staff, (2) grievances filed, (3), incident reports received, (4) appeals filed, [and] (5) all responses from staff." (*Id.* at 13). Jail officials denied the request because "the documents were county property." (*Id.*).

On May 5, 2017, plaintiff submitted a "Freedom of Information Act [("FOIA")] request to the Shelby County Jail" for the same documents, explaining he needed the information for "future and pending litigation before the courts." (*Id.*). On May 10, 2017, Captain Fondren forwarded the FOIA request to Mr. Frank C. Ellis, the County Attorney for Shelby County, Alabama, and specifically, "the Shelby County Sheriff's Department." (*Id.* at 13-14). On May 23, 2017, Mr. Ellis responded to plaintiff's request, stating the information desired was "not available for disclosure pursuant to the FOIA." (*Id.* at 14). Plaintiff asserts Ellis denied him documentation that "would assist [him] in effectively litigating" this *pro se* civil action. (*Id.*).

Plaintiff claims the defendants' actions violated the "Due Process Clause of the Fourteenth Amendment," and as a result, he suffered "mental anguish and loss of enjoyment of life" when subjected to disciplinary segregation and loss of privileges. (*Id.* at 9, 15). For relief, plaintiff demands a judgment "declaring" the defendants' actions injured him, $3,000,000 in "general damages," $3,000,000 in "punitive damages," $3,000,000 in "compensatory damages "for mental anguish and loss of enjoyment to life," and "damages for expenses incurred." (*Id.* at 16).

## IV. Analysis

### A.    Fourteenth Amendment Procedural Due Process

#### 1.   Applicable Standard

On August 29, 2016, the Eleventh Circuit Court of Appeals examined well-established Supreme Court precedent concerning pretrial detainees and their entitlement to due process safeguards in jail settings, finding that a pretrial ""detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."" *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1347 (11th Cir. 2016) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (in turn quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Eleventh Circuit explained that unlike convicted prisoners,

> a pretrial detainee is not required to prove that his conditions of confinement either "exceed[ ] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484 to be entitled to the process governed by *Wolff* [*v. McDonnell*, 418 U.S. 539 (1974)].

*Id.* at 1348 (alteration to citation supplied).

Instead, a pretrial detainee need only show "subject[ion] to 'conditions [that] amount to punishment.'" *Id.* at 1348 (quoting *Bell*, 441 U.S. at 535). Thus, if "a pretrial detainee[] is punished for violating a jail rule, there must be a due process hearing to determine what rule he violated." *Id.* To comport with *Wolff* safeguards, the detainee

> must receive: (1) advance written notice of the charges against them; (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action.

*O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011); *see also Superintendent, Mass. Correctional Institution at Walpole v. Hill*, 472 U.S. 445, 454 (1985) (holding that procedural due process is satisfied if there is "some evidence" in the record to support the finding of guilt).

The *Jacoby* Court stated the new "approach [in this Circuit] is consistent with both *Bell* and *Sandin*" and "[e]very other Circuit that has squarely considered this question." *Id.* at 1349 (citing *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005) ("[T]he *Sandin* Court's rationale applies only to those convicted of crimes—not to pretrial detainees. The courts of appeals that have addressed this question are consentient on the point."); *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 & n.12 (10th Cir. 2005), *vacated in part on other grounds by* 449 F.3d 1097 (10th Cir. 2006) (en banc) (per curiam);

*Benjamin v. Fraser*, 264 F.3d 175, 188–89 & n.11 (2d Cir. 2001); *Fuentes v. Wagner*, 206 F.3d 335, 341–42 & n.9 (3d Cir. 2000); *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999); *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996)).

### 2. The July 2016 disciplinary infraction

In July 2016, defendant Black punished plaintiff for a disciplinary infraction without first affording him a due process hearing. (Doc. 9 at 1). When the plaintiff grieved about the matter, defendant Fondren responded that sanctions were not appealable. (*Id.*). Such allegations clearly state a procedural due process violation under *current* Eleventh Circuit precedent. However, Eleventh Circuit "caselaw had not, [in July 2016], given fair notice [to defendants Black, Fondren, or Samaniego] that pretrial detainees are entitled to a due process hearing before being punished for misconduct irrespective of the *Sandin* analysis." *Jacoby*, 835 F.3d at 1350 n.6. As such, qualified immunity protects defendants Black, Fondren, and Samaniego from suit.

"Qualified immunity is an affirmative defense that offers complete protection for government officials sued in their individual capacities if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brown v. Ridgway*, 845 F. Supp. 2d 1273, 1276 (M.D. Fla. Feb. 29, 2012) (quoting *Hope v. Pelzer,* 536 U.S. 730, 739 (2002)). "'Qualified immunity is not merely a defense against liability, but rather immunity from suit.'" *Pearson v. Callahan,* 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "When a successful affirmative defense appears on the face of a

complaint, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted." *Brown,* 845 F. Supp. 2d at 1276 (citing *Jones,* 549 U.S. at 215). Accordingly, the undersigned recommends dismissal of plaintiff's procedural due process claims against defendants Black, Fondren, and Samaniego for the July 2016 disciplinary infraction.

### 3. The October 2016 disciplinary infractions

In October 2016, defendants Goode, Gentry, and Woods initiated and punished plaintiff for jail infractions without first affording him a due process hearing. (Doc. 9 at 11-12). Plaintiff filed a grievance and defendant Hood reduced the punishment but did not afford him a due process hearing. (*Id.* at 12). Again, such allegations plausibly state procedural due process claims against Goode, Gentry, Woods, and Hood. In light of *Jacoby*, the same allegations sufficiently state a failure to train claim against Sheriff Samaniego. Accordingly, defendants Goode, Gentry, Woods, Hood, and Samaniego should respond to this claim.

### 4. The December 2016 disciplinary infractions

In December 2016, plaintiff received numerous disciplinary infractions. (Doc. 9 at 12). Sgt. John Doe failed to give plaintiff "24 hours advance notice" prior to the disciplinary hearing. (*Id.*). After a finding of guilt, plaintiff appealed and received a new disciplinary hearing. (*Id.*). "Lt. John Doe" found him guilty "and re-imposed sanctions with increased penalties." (*Id.*).

Due process entitles plaintiff to "no less than 24 hours" notice of the charges against him in order to prepare his defense. *Wolff*, 418 U.S. at 564. As such, plaintiff sufficiently states a plausible procedural due process claim against Sgt. John Doe and a tenuous claim against Sheriff Samaniego for failing to train Sgt. Doe. Sgt. John Doe and Sheriff Samaniego should respond to this claim.

Conversely, plaintiff does not allege Lt. John Doe deprived him of any *Wolff* safeguards during the second disciplinary hearing. His displeasure with the increased punishment Lt. Doe meted out is immaterial to the constitutional question. Accordingly, the undersigned recommends dismissal of the claim against Lt. John Doe and dismissal of the claim against Sheriff Samaniego for failing to train Lt. Doe.

**B.    Fourteenth Amendment Access to the Courts**

Plaintiff alleges Mr. Frank Ellis, a private attorney representing Shelby County, Alabama, and Shelby County "jail staff" denied his requests for "copies of all documents related to" the facts underlying the procedural due process claims discussed in section IV.A of this report and recommendation. (Doc. 9 at 13) (stating the documents would assist him "in effectively litigating the pro se civil action that is now pending"). Ignoring plaintiff's failure to name as defendant(s) the individual Shelby County Jail employee(s) who denied his request, the undersigned broadly

construes the allegations and entertains whether plaintiff can state a viable access to the courts claim against "jail staff" or Mr. Ellis.[2]

The right of access to the courts requires an "adequate, effective, and meaningful," *Bounds v. Smith*, 430 U.S. 817, 822 (1977), way for inmates "to attack their sentences" and "to challenge the conditions of their confinement," *Lewis v. Casey*, 518 U.S. 343, 346-348 (1996).   However, because "the right is *ancillary* to the underlying claim," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (emphasis supplied), plaintiff must show he suffered "actual-injury," *Lewis*, 518 U.S. at 351, when the defendants denied his copy requests.  He cannot in this case, as their actions in no way hindered his ability to file this lawsuit or plead the specific facts underlying his procedural due process claims.  Accordingly, plaintiff lacks standing to raise an access to the courts claim.

## C.    Freedom of Information Act

Plaintiff alleges defendant Fondren forwarded his May 2017 FOIA request for copies of the same Shelby County Jail documents to Shelby County's Attorney, Frank

---

[2]   The undersigned seriously questions any state action on the part of Mr. Ellis, but foregoes extensive discussion regarding the issue.  Suffice it to say that "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."  *Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances will a private party be viewed as a 'state actor' for § 1983 purposes."  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (recognizing the Eleventh Circuit use of the public function, state compulsion, and nexus/joint action tests to determine the existence of "state action by what is otherwise a private person or entity.").  "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  Thus, Mr. Ellis' representation of Shelby County, Alabama, standing alone, would not transform him into a state actor.

C. Ellis.  (Doc. 9 at 13-14).  Although plaintiff expressly stated that the documents "were needed for "future and pending litigation before the courts," Ellis replied, "The information which you request in your report is not available for disclosure pursuant to the FOIA."  (Doc. 9 at 13-14).  To the extent plaintiff attempts to assert a FOIA violation against defendants Fondren or Ellis, he fails to state a claim upon which relief can be granted.  The Freedom of Information Act "requires *federal agencies* to disclose records in their possession upon request."  *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1189 (11th Cir. 2007) (citing 5 U.S.C. § 552); *see also* 5 U.S.C. § 551(1) (defining an "agency" under the Act as "each authority of the Government of the United States").  The Shelby County Sheriff's Department is not a federal agency, and as such plaintiff's FOIA claims are due to be dismissed.

## V. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims against all defendants in this action, except the Fourteenth Amendment procedural due process claims against defendants Goode, Gentry, Woods, Hood, and Samaniego for the October 2016 disciplinary action taken against plaintiff and the Fourteenth Amendment procedural due process claims against Sgt. John Doe and Samaniego for the December 2016 disciplinary action taken against plaintiff, be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.  The undersigned **FURTHER**

**RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

### VI. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 16th day of February, 2018.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE